IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-01292-CMA-SKC

DEANNA ROSS,
ARMANDO ROSS, and
JASON ROSS,

    Plaintiffs,

v.

ROBERT PINO, in his individual and official capacity,
MICHAEL MARTINEZ, in his official capacity,
JOSEPH LUKOW, in his individual and official capacity, and
EZEKIEL CISNEROS, in his individual and official capacity,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION AND GRANTING MOTIONS TO DISMISS**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews (Doc. # 52) which recommends granting Defendant Pino's and Defendant Lukow's Motions to Dismiss (Docs. ## 20, 24), For the following reasons, the Recommendation is affirmed and adopted as an order of this Court.

## I.    BACKGROUND

This case arises from a child-custody dispute between Plaintiff Deanna Ross and Defendant Robert Pino. (Doc. # 9, ¶¶ 10-58). Ross and Pino share custody of their minor child, LP. (Doc. # 9, ¶¶ 10, 12-13). In 2018, LP got in trouble for making

1

inappropriate comments at school.[1] (Doc. # 9, ¶¶ 10, 17). What happened next is not entirely clear, but the Complaint implies that, when Pino found out about the incident, he accused Ross of exposing LP to sexually explicit behavior. (Doc. # 9, ¶¶ 18-24). The matter was then investigated by the Department of Social Services (DSS) and the Monte Vista Police Department (MVPD). (Doc. # 9, ¶¶ 18-24). Plaintiffs – Deanna Ross, her husband Armando Ross, and their son Jason Ross – were charged with criminal offenses related to the incident. (Doc. # 9, 52-55). The charges were ultimately dismissed. (Doc. # 9, ¶ 52-55).

Plaintiffs now claim that Pino, who "was employed by the Rio Grande County Sheriff's Office," (Doc. # 9, ¶ 6), "used his power and authority as a law enforcement officer, and his relationship with other law enforcement officers . . . in an attempt to . . . gain[] custody over LP." (Doc. # 9, ¶ 46). They are suing Pino under 42 U.S.C. § 1983, alleging "malicious abuse of process" and "interference with familial association." (Doc. # 9). They are also suing Joseph Lukow, a criminal investigator with the Rio Grande County District Attorney's office.[2] (Doc. # 9, ¶ 4).

Pino and Lukow moved for dismissal, (Docs. ## 20, 24), and this Court referred the dismissal motions to Judge Crews for a recommendation. (Doc. # 45). Judge Crews recommends granting the dismissal motions under F.R.C.P. 12(b)(6) for failure to state a claim. Plaintiffs now object to Judge Crews's Recommendation that the claims against

---

[1] Though the Complaint is exceptionally thin on details, it is implied that LP's comments were sexual in nature. (*See* Doc. # 9, ¶¶ 17-21, 52-55).
[2] Plaintiffs' Complaint also named three other defendants, but those defendants have since been dismissed. Only the claims against Pino and Lukow remain.

Pino be dismissed; they do not object to the dismissal recommendation with respect to the claims against Lukow.

## II.     LEGAL STANDARD

### A.     STANDARD OF REVIEW – MAGISTRATE JUDGE RECOMMENDATION

When a magistrate judge submits a recommendation, the Court must "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." F.R.C.P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted). In the absence of a proper objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B.     FED. R. CIV. P. 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) if the plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility in this context means that the plaintiff pled factual content which allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard is not a probability requirement, "but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id*. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III.   ANALYSIS

**A.   NO-OBJECTION RECOMMENDATIONS**

As an initial matter, the Court notes that no party has objected to Judge Crew's Recommendation that the claims against Lukow be dismissed. "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers* 927 F.2d at 1167; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Applying this standard, the

Court is satisfied that Judge Crews's dismissal recommendation with respect to Lukow is sound and that there is no clear error on the face of the record. *See* Fed.R.Civ.P. 72(a). Therefore, the Court affirms and adopts Judge Crews's dismissal recommendation with respect to Lukow.

### B.    PLAINTIFFS' OBJECTIONS

Judge Crews also recommends dismissing Plaintiffs' claims against Pino on the ground that "Plaintiffs have failed to plausibly allege Pino acted under color of state law." (Doc. # 56, p. 11). (Doc. # 56).[3] Plaintiffs object, arguing that their Complaint gives rise to a "reasonable inference" of state action. (Doc. #59, p. 7). The Court agrees with Judge Crews.

"Under Section 1983, liability attaches only to conduct occurring 'under color of law.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). Therefore, to survive dismissal, a plaintiff in a Section 1983 case must allege sufficient facts to show that the defendant "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiffs have failed to do so in this case.

---

[3] Plaintiffs assert two claims for relief against Pino: (1) "malicious abuse of process" and (2) "interference with familial association." (Doc. # 9). Both claims are brought under 42 U.S.C. § 1983. (Doc. # 9, ¶ 8).  Although Judge Crews recommended dismissing only Plaintiffs' second claim for relief on the basis of failure to allege that Pino was acting under "color of state law," the Court finds that this reasoning applies with equal force to both claims asserted against Pino. Therefore, both claims are subject to dismissal, and the Court need not address the other grounds for dismissal set forth in Judge Crews's Recommendation.

Plaintiffs' Complaint is exceptionally vague. It includes almost no details about the underlying incident or the resulting criminal proceedings, let alone about Pino's conduct. Rather, Plaintiffs relies on conclusory allegations that Pino abused his "power and authority." (Doc. # 9, ¶ 46). But the Complaint fails to even explain what "power and authority" Pino had, let alone how he abused it. In addition to the myriad shortcomings identified by Judge Crews, the Complaint:

- fails to say what Pino's job was;[4]
- fails to state what "power and authority" Pino possessed by virtue of that job;
- fails to describe how Pino exercised that authority in this case; and
- fails to explain how Pino's job as an employee of the Rio Grande County Sheriff's office gave him authority over the MVPD or the DSS – separate agencies that do not report to the Rio Grande Sheriff.

Thus, the Complaint fails to allege sufficient facts to state a plausible claim for relief.

Plaintiffs now argue, however, that they "alleged sufficient factual content to allow the court to draw the reasonable inference that Officer Pino acted in his capacity as a law enforcement officer and is liable for the misconduct alleged in the complaint pursuant to 42 U.S.C. § 1983." (Doc. # 59, p. 9). This argument fails.

The Court agrees with Judge Crews that "accepting Plaintiffs' arguments would require this Court to make numerous inferential leaps which are unsupported by factual

---

[4] Though the Complaint alleges that Pino was "employed by" the Rio Grande County Sheriff, it fails to provide any information about his job title or responsibilities.

allegations." (Doc. # 56, p. 13). Plaintiff's arguments to the contrary are unavailing. Therefore, Plaintiffs have failed to state a plausible Section 1983 claim against Pino, and their Complaint is subject to dismissal.

## C.  CONCLUSION

For the foregoing reasons, Plaintiffs' Objection (Doc. # 59) is OVERRULED. Judge Crews's Recommendation (Doc. # 56) is AFFIRMED and ADOPTED as an order of this Court.  It is

FURTHER ORDERED that the dismissal motions (Docs. ## 20, 24) are GRANTED.  It is

FURTHER ORDERED that Plaintiff's Complaint (Doc. # 9) is DISMISSED WITHOUT PREJUDICE.

Plaintiffs shall have 21 days to amend their Complaint to address the shortcomings identified above. If they fail to do so, the case will be dismissed with prejudice and the matter will be closed.

DATED:  September 27, 2021

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge